**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bank of the West, Inc., | No. CV-08-2220-PHX-FJM |
| Plaintiff, | **ORDER** |
| vs. | |
| Organic Grain & Milling, Inc., | |
| Defendant. | |

The court has before it defendant's motion to dismiss (doc. 22), plaintiff's response (doc. 23), and defendant's reply (doc. 24).

Plaintiff Bank of the West, Inc. (the "Bank") entered into a loan agreement with Desert Organics, LLC, to provide $3,000,000 in working capital for Desert Organics' farming business ("loan agreement"). The Bank obtained a security interest in Desert Organics' crops and in the proceeds of the sale of the crops. The loan was guaranteed by ten individuals and entities (the "guarantors"). Desert Organics also entered into an "all outputs" contract with defendant Organic Grain and Milling, Inc., whereby Organic Grain agreed to purchase Desert Organics' entire 2008 durum wheat crop, including a crop in Dateland, Arizona (the "Dateland crop"), and a crop in Willcox, Arizona (the "Willcox crop"). Desert Organics subsequently defaulted on its obligations under the loan agreement, prompting the

Bank to perfect its lien against Desert Organics' accounts receivable, including receivables due from the sale of the Dateland crop.

On September 30, 2008, the Bank filed an action against Desert Organics and the guarantors in the Superior Court of Arizona in Maricopa County seeking damages for breach of contract in the amount of $3,037,054.60 ("state court action"). On February 20, 2009, Desert Organics filed for bankruptcy protection.

The Bank alleges that on June 6, 2008, it entered into a written contract with Organic Grain and Desert Organics whereby Organic Grain agreed to pay the Bank directly for the value of the Dateland crop after deducting a maximum of $72,000 for seed, harvesting, and transportation costs. The total value of the Dateland crop was $243,324.07. Therefore, the Bank claims it was entitled to a payment from Organic Grain in the amount of $171,324.07. Instead, Organic Grain issued a check in the amount of $46,915.32 only, asserting that it is entitled to an offset of $196,408.75 for losses it claims were the result of Desert Organics' failure to properly irrigate the Willcox crop. The Bank then filed this action in superior court against Organic Grain alleging *inter alia* breach of contract, fraud, misrepresentation, and unjust enrichment. Organic Grain filed a counterclaim against the Bank, asserting claims of breach of contract and intentional interference with contract. Organic Grain now moves to dismiss this case pursuant to Rules 12(b)(7), (c) and 19(b), Fed. R. Civ. P., arguing that Desert Organics and the guarantors are necessary and indispensable parties to this action.

An absentee party is a "necessary party" under Rule 19(a), Fed. R. Civ. P., if (1) the court "cannot accord complete relief among existing parties" without joinder, or (2) the absentee party "claims an interest relating to the subject of the action" and is so situated that disposing of the action without joinder may (a) "as a practical matter impair or impede the person's ability to protect the interest," or (b) "leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a). A necessary party must be joined under Rule 19(a) if the "joinder will not deprive the court of subject-matter jurisdiction." An "indispensable party" is a necessary party under Rule 19(a), but whose joinder is not feasible, and whose absence

creates such an overwhelming potential for harm that "in equity and good conscience" the action should be dismissed. Fed. R. Civ. P. 19(b).

We conclude that Desert Organics and the guarantors are not necessary parties to this action. First, we can accord complete relief as between the Bank and Organic Grain. The only issue presented in this action is whether Organic Grain properly offset its claim against Desert Organics by reducing the amount due to the Bank. That question is resolved by examination of the agreement, if any, between the Bank and Organic Grain, as well as the effect of the Bank's perfected interest in the crop proceeds. Whether Organic Grain has a claim against Desert Organics arising out of an unrelated contract does preclude our ability to accord complete relief as between Organic Grain and the Bank.

Moreover, "[j]oinder is 'contingent . . . upon an initial requirement that the absent party *claim* a legally protected interest relating to the subject matter of the actions." United States v. Bowen, 172 F.3d 682, 689 (9th Cir. 1999) (emphasis in original) (citation omitted). Neither Desert Organics, the bankruptcy estate, nor the guarantors has claimed any interest in this action. Even if the absent parties had claimed an interest, there is no risk that Organic Grain will incur double or inconsistent liability. If the Bank prevails in the instant action, Organic Grain will pay the amount due for the Dateland crop. It could not be held liable for payment of the Dateland crop a second time.

Even if we had concluded that Desert Organics and the guarantors are necessary parties under Rule 19(a), we would nevertheless conclude that they are not indispensable parties under Rule 19(b). If a person who is required to be joined under Rule 19(a) cannot be joined, we must determine whether the person's absence creates such an overwhelming potential for harm that "in equity and good conscience" the action should be dismissed. Fed. R. Civ. P. 19(b). In making this determination, we will consider factors such as (1) the extent to which a judgment rendered in a person's absence might prejudice either that person or the existing parties, (2) the extent to which any prejudice could be lessened or avoided by the court, (3) whether the judgment rendered in the person's absence would be adequate; and (4)

whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder. Fed. R. Civ. P. 19(b).

Here, the joinder of Desert Organics and the guarantors would defeat diversity jurisdiction and therefore their joinder is not feasible. Thus, we turn to the question of prejudice. As discussed above, Organic Grain will not be prejudiced by nonjoinder. There is virtually no chance of double or inconsistent liability. Any claim that Organic Grain has against Desert Organics for breach of contract can be presented in the bankruptcy court. Nor would Desert Organics or the guarantors be prejudiced by nonjoinder. First, they have asserted no interest in this litigation. Any judgment collected by the Bank in the present action will serve to reduce their indebtedness to the Bank. Moreover, any interest Desert Organics or the guarantors has in the subject matter of this litigation is adequately represented by the Bank, which holds a perfected security interest in all of the Dateland crop proceeds.

Therefore, we conclude that neither Desert Organics nor the guarantors are necessary or indispensable parties under Rule 19, Fed. R. Civ. P. Accordingly, **IT IS ORDERED DENYING** defendant's motion to dismiss (doc. 22).

DATED this 1st day of December, 2009.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge