**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Bank of the West, Inc., | ) | No. CV-08-2220-PHX-FJM |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Organic Grain & Milling, Inc., | ) | |
| Defendant. | ) | |

On March 17, 2010, we granted plaintiff's motion for summary judgment on count 1 of the complaint (breach of contract) and granted plaintiff's motion to dismiss defendant's counterclaims (doc. 37). Plaintiff sought damages under count 1 "of no less than $171,324.07." Following our order, four claims and the issue of damages remained unresolved. The parties subsequently stipulated to dismiss the remaining claims and judgment was entered "dismissing Plaintiff's remaining claims. Plaintiff to take nothing." (doc. 41). Neither party objected to the judgment. Then, on April 27, 2010, the clerk entered an amended judgment, this time stating that our March 17, 2010 order dismissed count 1 of the complaint and that "Plaintiff and Defendant are to take nothing." (doc. 48). Both judgments were erroneously entered and are now VACATED (doc. 41 and 48).

On April 1, 2010, plaintiff lodged a form of proposed judgment assessing damages in the amount of $171,324.07, with interest at the rate of 10% per annum from July 17, 2008

(doc. 45). Defendant has not objected to the damages amount, other than to challenge the applicable rate of interest. See Response to Motion for Attorney Fees at 3. Defendant objects to the proposed 10% rate set forth in A.R.S. § 44-1201(A), suggesting instead that Colorado law, which applies an 8% rate, is appropriate.

Arizona follows the Restatement (Second) of Conflict of Laws in deciding choice of law issues. Cardon v. Cotton Lane Holdings, Inc., 173 Ariz. 203, 207, 841 P.2d 198, 202 (1992). Under § 188 of the Restatement, we apply the local law of the state having the most significant relationship to the transaction and the parties. Here, the proceeds of the crops grown in Arizona are the principal subject matter of the contract. The action arises from the parties' efforts to enforce their respective rights under contracts they entered into with Desert Organics, the producer of the subject crops and an Arizona resident. Neither party was a resident of Arizona or Colorado. The only connection to Colorado is that the agreement was drafted and executed there. But the place of contracting standing alone, "is a relatively insignificant contact." Restatement (Second) of Conflict of Laws § 188 cmt. e. We conclude that Arizona is the state with the most significant relationship to the transaction, and accordingly apply A.R.S. § 44-1201(A).

Therefore, **IT IS ORDERED VACATING** judgments (docs. 41 and 48). The clerk shall enter final judgment in favor of plaintiff and against defendant in the amount of $171,324.07, plus interest at the rate of 10% per annum from July 17, 2008 until paid.

DATED this 30th day of April, 2010.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge