1  **WO**

2

3

4

5                        **NOT FOR PUBLICATION**

6              IN THE UNITED STATES DISTRICT COURT

7                    FOR THE DISTRICT OF ARIZONA

8

9   Bank of the West, Inc.,                    )    No. CV-08-2220-PHX-FJM
                                               )
10            Plaintiff,                        )    **ORDER**
                                               )
11  vs.                                        )
                                               )
12                                             )
    Organic Grain & Milling, Inc.,            )
13                                             )
              Defendant.                       )
14                                             )
                                               )
15

16

17        The court has before it plaintiff's motion for attorneys' fees (doc. 42), defendant's

18  response (doc. 46), and plaintiff's reply (doc. 47).

19        On April 30, 2010, judgment was entered in favor of plaintiff and against defendant

20  in the amount of $171,324.07.  As the prevailing party, plaintiff now seeks $68,819.00 in

21  attorneys' fees under A.R.S. § 12-341.01.

22        We first reject defendant's argument that the motion for attorneys' fees is untimely

23  because it was filed five days after judgment was entered.  Pursuant to Rule 54(d)(2)(B)(I),

24  Fed. R. Civ. P., a motion seeking attorneys' fees must "be filed no later than 14 days after

25  the entry of judgment."  Plaintiff's motion was timely.

26        We also reject defendant's argument that Colorado, not Arizona, law applies.  For the

27  same reasons set forth in our order dated April 30, 2010 (doc. 49), we conclude that Arizona

28  law applies.

1    A.R.S. § 12-341.01 provides for a discretionary award of attorney's fees to the

2    prevailing party in an action arising out of contract.  In deciding whether to award fees, we

3    consider a number of factors, including (1) whether the unsuccessful party's claim or defense

4    was meritorious; (2) whether the litigation could have been avoided or settled; (3) whether

5    assessing fees would cause extreme hardship; (4) whether the successful party prevailed with

6    respect to all relief sought; (5) whether the legal question was novel; and (6) whether the

7    award would discourage other parties with tenable claims from litigating them.  Associated

8    Indem. Corp. v. Warner, 143 Ariz. 567, 570, 694 P.2d 1181, 1184 (1985).  An award of

9    attorneys' fees pursuant to this statute is discretionary in nature and the prevailing party in

10   an action arising out of contract is not presumed to be entitled to an award of fees.  Id. at 569,

11   694 P.2d at 1183.  An award is made to "mitigate the burden of the expense of litigation" and

12   "need not equal or relate to" the fees actually incurred.  A.R.S. § 12-341.01(B).

13       We first find that defendant's legal position was not entirely meritorious.  Defendants

14   retained the proceeds from the Wilcox crop with scant legal justification for doing so.

15   Plaintiff asserts that settlement was not possible.  Plaintiff obtained all of the relief sought.

16   The legal questions involved breach of contract issues that were not novel.  A fee award

17   would not discourage parties with tenable claims from litigating.  Each of these factors

18   weighs in plaintiff's favor.  Defendant contends, however, that an award of fees would cause

19   an extreme hardship.  It contends that it is a small business in the organic food industry

20   without the means to pay a large fee award.  This factor weighs in defendant's favor.

21       After considering each of the Warner factors, we conclude that fees are appropriate,

22   although in an amount less than that requested.  Plaintiff requests fees of almost $70,000 for

23   a straightforward breach of contract case that was decided on a motion for summary

24   judgment.  Plaintiff employed six lawyers, expending approximately 277 hours in total

25   attorney time, at rates of up to $365.00 an hour—in excess of prevailing Phoenix rates.

26   Based on our conclusion that the award requested is excessive, as well as defendant's

27   professed hardship, we conclude that $35,000 is an appropriate fee award in this case.

28

1      **IT IS THEREFORE ORDERED GRANTING** in part and **DENYING** in part

2 plaintiff's motion for an award of attorneys' fees (doc. 42). Fees are allowed in the amount

3 of $35,000.

4      DATED this 6th day of May, 2010.

5

6                      *Frederick J. Martone*

7                         Frederick J. Martone
                       United States District Judge